1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

RAYMON D. HILL, et al.,

        Defendants

_____/

No. CR 05-0324 MMC

**ORDER RE: DEFENDANT PETERSON'S MOTION FOR IN CAMERA REVIEW OF DOCUMENTS AND WITNESS**

Before the Court is defendant Aquil Peterson's "Motion for In Camera Review of Documents and Witness to Determine Omissions and/or Misstatements in Search Warrant Affidavit," filed March 13, 2007.

The Court, having reviewed the papers submitted in connection with the motion and having reviewed the sealed and unsealed portions of the affidavit submitted in support of the subject search warrant, rules as follows.

1. The magistrate had a substantial basis for concluding probable cause existed to believe contraband or evidence of a crime would be found at the location set forth in the affidavit. See United States v. Calabrese, 825 F. 2d 1342, 1348-49 (9th Cir. 1987) (holding court reviewing sufficiency of warrant must "ensure that the magistrate had a substantial basis for concluding that probable cause existed") (internal quotation, alteration and citation omitted).

2.  Even if the affidavit submitted to the magistrate provided an insufficient basis for concluding probable cause existed, it was objectively reasonable for the affiant and searching officer to rely on the warrant, and there is no indication the magistrate wholly abandoned his judicial role, or that the affiant, or any other officer, misled the magistrate; accordingly, the "good faith exception" is applicable.  See United States v. Leon, 468 U.S. 897, 922 (1984) (setting forth test for "good faith exception"); see also United States v. Huggins, 299 F. 3d 1039, 1044 (9th Cir. 2002) (applying Leon to determine applicability of "good faith exception").

3.  There is nothing to suggest the affidavit contains any deliberate falsehood or statement made in reckless disregard for the truth, see Franks v. Delaware, 438 U.S. 154 (1978), nor is there anything to suggest a basis for the Court's conducting an in camera hearing preliminary to a determination as to whether a Franks hearing is required, see United States v. Kiser, 716 F. 2d 1268, 1271-73 (9th Cir. 1983) (holding, on facts presented therein, district court should have conducted ex parte in camera hearing with confidential informant for purposes of ascertaining defendant's entitlement to Franks hearing).

Accordingly, the Court finds the affidavit in support of the subject warrant is legally sufficient, and, as such, provides no grounds upon which to suppress the evidence acquired in the search conducted pursuant to the subject warrant.

**IT IS SO ORDERED.**

Dated: November 30, 2007

MAXINE M. CHESNEY
United States District Judge

2