ISMAIL J. RAMSEY (CABN 189820)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

ROBERT DAVID REES (CABN 229441)
Assistant United States Attorney

1301 Clay Street, Suite 340S
Oakland, California 94612
Telephone: (510) 637-3680
FAX: (510) 637-3724
Email: robert.rees@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR 05-0324 MMC |
| Plaintiff, | [PROPOSED] DETENTION ORDER |
| v. | |
| AQUIL PETERSON, | |
| Defendant. | |

On September 28, 2024, the defendant, Aquil Peterson, allegedly violated the conditions of his supervised released as outlined in the Petition for Warrant for Offender Under Supervision ("Petition") by committing a new federal, state, or local crime, owning or possessing a firearm, ammunition, destructive device, or other dangerous weapon, and unlawful possession of controlled substances. Dkt. 1719.

This matter came before the Court for a detention hearing on October 17, 2024. The defendant was present and represented by Assistant Federal Public Defender Elizabeth Falk. Assistant United States Attorney Robert David Rees appeared for the government. At the hearing, each counsel and a Probation Officer submitted proffers and arguments regarding detention, and a proposed surety and custodian submitted as statement as well.

1    As a person on supervised release, the defendant bears the burden of establishing by clear and
2    convincing evidence that he will not flee or pose a danger to any other person or to the community. Fed.
3    R. Crim. P. 32.1(a)(6). Upon consideration of the facts, proffers, statements, and arguments presented,
4    and for the reasons stated on the record, *incorporated herein by reference* the Court finds that defendant did not meet his burden to show
5    by clear and convincing evidence that he does not pose a danger to the community. Accordingly,
6    defendant must be detained pending resolution of the Petition.

7    The present order supplements the Court's findings and order at the October 17, 2024 detention
8    hearing and serves as written findings of fact and a statement of reasons. As noted on the record, the
9    Court makes the following findings as the bases for its conclusion. The Court did not consider the
10   defendant's prior record and instead focused on the allegations in the Petition.

11   With respect to the events alleged in the Petition, the defendant conceded he was intoxicated
12   while in or near a vehicle and did not have a license to drive that vehicle at the time. The vehicle had
13   crashed into at least one object by the time the police arrived and there was a nearly empty bottle of
14   liquor inside. The defendant was thus involved in a dangerous situation.

15   The passenger in the car that Peterson was associating with was a felon, though it is not clear if
16   he knew she was a felon and that charge is not included in the Petition. In her purse was a firearm and
17   two extended magazines. The police report indicated that Peterson made suspicious movements towards
18   that passenger when the police first arrived. The Court does not make any finding whether Peterson
19   himself was in possession of that firearm, but finds that the defendant's association with an armed felon
20   contributed to the dangerousness of the situation.

21   When searched by the police, the defendant was found in possession of what the police report
22   described as ~~up to 123 doses~~ *12.36 grams* of crack cocaine and ~~up to 69 doses~~ *6.95 grams* of heroin, along with several blue pills.
23   At least one similar blue pill was found at the residence of the passenger in the car pursuant to a search
24   warrant, along with a round of ammunition. These circumstances further contribute to the
25   dangerousness of the situation.

26   The defendant proffered a potential surety and custodian who spoke at the hearing. The Court
27   has concerns with her ability to mitigate the danger posed by the defendant. While the proposed
28   surety/custodian is engaged to the defendant and has known him for many years, they only reconnected

about a month ago and got engaged about two weeks prior. Moreover, the defendant was in her car during the events described above and she stated that she had not specifically given the defendant permission to use it. The Court does not believe this proposed surety/custodian could provide sufficient moral suasion to mitigate the danger posed by the defendant.

Accordingly, the defendant poses a danger to the community because of the dangerous character of the conduct alleged in the supervised release petition. The Court is not satisfied the defendant can meet his burden that such danger can be prevented by any conditions of release nor by the proposed surety/custodian for the reasons stated above. This finding is made without prejudice to the defendant's right to seek review of defendant's detention or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3143(a)(1), IT IS ORDERED THAT:

1. The defendant shall continue to be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: October 22, 2024

HON. PETER H. KANG
United States Magistrate Judge